EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

Whirlpool Corporation, DOES 1 - 50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Meritplan Insurance Company

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **01/14/2015** at 11:33:14 AM |
| Clerk of the Superior Court |
| By Justin Jones, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
220 West Broadway, San Diego, CA 92101

| CASE NUMBER: |
|---|
| *(Número)* 37-2015-00001322-CU-NP-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Leslie A. Hulburt, COZEN O'CONNOR; 501 W. Broadway, Ste. 1610, San Diego, CA 92101; 619.234.1700

DATE: 01/14/2015                                      Clerk, by ___Jones___ , Deputy
*(Fecha)*                                                  *(Secretaria)*        J. Jones        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Whirlpool Corporation

under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/14/2015 at 11:33:14 AM
Clerk of the Superior Court
By Justin Jones, Deputy Clerk

1    Leslie A. Hulburt (CA Bar 250935)
     COZEN O'CONNOR
2    501 West Broadway, Suite 1610
     San Diego, California 92101
3    Telephone: 619.234.1700
     Facsimile: 619.234.7831

4

5    Attorneys for Plaintiff
     MERITPLAN INSURANCE COMPANY

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN DIEGO

10                    CENTRAL JUSTICE CENTER

11    MERITPLAN INSURANCE COMPANY,         Case No.: 37-2015-00001322-CU-NP-CTL

12            Plaintiff,                 **COMPLAINT FOR NEGLIGENCE**
                                       **AND STRICT PRODUCT LIABILITY**
13        vs.

14    WHIRLPOOL CORPORATION; and DOES 1-50,
     inclusive,
15
          Defendants.
16

17         Plaintiff Meritplan Insurance Company, (hereinafter "Plaintiff" or "Meritplan"), is informed

18    and believes and thereon alleges, against Defendant Whirlpool Corporation and DOES 1 through 50,

19    as follows:

20        1.     Plaintiff Meritplan is, and at all times herein mentioned was, a corporation duly

21    authorized to transact and conduct business in the State of California as an insurance carrier.

22        2.     Brian Gaines (hereinafter "Insured"), at all times herein mentioned, was the owner of

23    real property located at 183647 Lincolnshire Street, San Diego, California 92128 (hereinafter

24    referred to as "Subject Property").

25        3.     On or about February 10, 2012, a fire occurred at the Subject Property insured by

26    Plaintiff, originating from a defective KitchenAid microwave manufactured by Whirlpool

27    Corporation (hereinafter "Subject Product").

28

1    4.    As a result of the fire, the Insured suffered damages compensated under Plaintiff's

2    policy of insurance in an amount in excess of the jurisdictional requirements of this Court, the exact

3    amount of which will be proved at trial.

4    5.    Plaintiff, having paid its Insured for his damages resulting from the fire, brings this

5    action pursuant to its equitable and contractual rights of subrogation to recover its payments to its

6    Insured for the damages proximately caused by the acts and omissions of the Defendant herein.

7    6.    Defendant Whirlpool Corporation (hereinafter "Whirlpool" or "Defendant"), is a

8    corporation doing business in the State of California. Whirlpool was the manufacturer, designer and

9    distributor of the Subject Product.

10    7.    The true names and capacities, whether individual, corporate, partnership, associate

11    or otherwise, of Defendants DOES 1 through 50, inclusive, are presently unknown to Plaintiff.

12    Plaintiff is informed and believe and thereon alleges that each of the DOE Defendants may be

13    responsible in some manner for the events and happenings herein referred to and legally

14    concurrently caused the damage hereinafter alleged. Plaintiff will seek to amend this pleading to set

15    forth the true names and capacities of any discovered DOE Defendants when their identities are

16    known to Plaintiff.

17    ## FIRST CAUSE OF ACTION

18    **(Negligence Against Whirlpool Corporation and DOES 1 to 25)**

19    8.    Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 through 7

20    above as though fully set forth herein.

21    9.    At all times herein mentioned, Defendant was responsible in whole or in part for the

22    assembly, inspection, installation, design, instructions, warnings and/or sale of the Subject Product

23    that was involved in the fire.

24    10.    At all times herein mentioned, Defendant owed Plaintiff a duty to use due and

25    reasonable care and caution in the assembly, inspection, installation, design, instructions, warnings

26    and/or sale of the Subject Product.

27    11.    Defendant, and DOES 1 through 25, inclusive, breached the aforementioned duty to

28    use due and reasonable care and caution through one or more of the following acts and/or omissions:

2

1          a)      Carelessly and negligently manufactured the Subject Product so as to allow

2    the unreasonable propensity for fire;

3          b)      Carelessly and negligently assembled the Subject Product so as to allow the

4    unreasonable propensity for fire;

5          c)      Carelessly and negligently inspected the Subject Product so as to allow the

6    unreasonable propensity for fire;

7          d)      Carelessly and negligently designed the Subject Product so as to allow the

8    unreasonable propensity for fire;

9          e)      Carelessly and negligently provided instructions and warnings for the Subject

10   Product so as to allow the unreasonable propensity for fire;

11         f)      Carelessly and negligently sold the Subject Product so as to allow the

12   unreasonable propensity for fire; and

13             g)      Were otherwise careless and negligent.

14   12.     As a direct and proximate result of the above described acts and/or omissions to act

15   by Defendant and DOES 1 through 25, inclusive, Plaintiff has suffered damages in an amount in

16   excess of $171,365, an amount to be proven at trial.

17                              **SECOND CAUSE OF ACTION**

18         **(Strict Products Liability Against Whirlpool Corporation and DOES 26 to 50)**

19   13.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 12,

20   inclusive, as though fully set forth at length.

21   14.     Defendant and DOES 26 through 50, inclusive, in whole or in part, at all times herein

22   mentioned were in the business of manufacturing, assembling, inspecting, installing, selling,

23   designing, instructing and warning and/or otherwise placing into the stream of commerce the Subject

24   Property and/or its component parts.

25   15.     Defendant and DOES 26 through 50, inclusive, in whole or in part, manufactured,

26   assembled, inspected, installed, designed, instructed, warned, sold and/or placed the Subject Product

27   into the stream of commerce.

28

                                         3
                                    COMPLAINT

16.     Defendant and DOES 26 through 50, inclusive, knew or reasonably should have known, that the Subject Product would be used by the Insured and/or other consumers without inspection for defects such as the defect which caused the fire.

17.     At the time the Subject Product left the control of the Defendants, a defect existed in the Subject Product that rendered the Subject Product unreasonably dangerous.

18.     The unreasonably dangerous defective condition of the Subject Product was present when the Subject Product left the custody and control of the Defendants and DOES 26 through 50, inclusive, and caused the fire and damages from which this action arises.

19.     The unreasonably dangerous defective condition of the Subject Product was neither apparent nor discoverable by the Insured or other consumers through a reasonable inspection.

20.     As a direct and proximate result of the unreasonably dangerous defective condition of the Subject Product, Plaintiff has suffered damage and loss in an amount in excess of $171,365 an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.     For compensatory damages (amount to be proven at trial);

2.     For prejudgment interest, costs and attorney's fees as permitted by law;

3.     For such other relief as the Court may deem just and fair.

DATED: January 14, 2015                    COZEN O'CONNOR

By: _____
      LESLIE A. HULBURT
      Attorneys for Plaintiff
      MERITPLAN INSURANCE COMPANY

LEGAL\21944891\1 01342.0002.000/361550.000

4
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Leslie A. Hulburt<br>COZEN O'CONNOR<br>501 W. Broadway, Suite 1610<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.234.1700   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff Meritplan Insurance Company | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**01/14/2015** at 11:33:14 AM<br><br>Clerk of the Superior Court<br>By Justin Jones, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
  STREET ADDRESS: 220 West Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Central Courthouse

CASE NAME:
Meritplan Insurance Co. v. Whirlpool Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2015-00001322-CU-NP-CTL |
| | | | JUDGE:  Judge Joel M. Pressman |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (38) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 1 - Negligence; 2 - Strict Product Liability
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2015
Leslie A. Hulburt
_____(TYPE OR PRINT NAME)_____   ► _____[signature]_____
                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:  Central | |
| PLAINTIFF(S):   Meritplan Insurance Company | |
| DEFENDANT(S): Whirlpool Corporation | |
| SHORT TITLE:  MERITPLAN INSURANCE COMPANY VS. WHIRLPOOL CORPORATION [IMAGED] | |

| | |
|---|---|
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | **CASE NUMBER:** 37-2015-00001322-CU-NP-CTL |

Judge: Joel M. Pressman                                        Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                    ☐   Non-binding private arbitration

☐   Mediation (private)                               ☐   Binding private arbitration

☐   Voluntary settlement conference (private)     ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                    ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other *(specify e.g., private mini-trial, private judge, etc.):* _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                         _____
Name of Plaintiff                                           Name of Defendant

_____                         _____
Signature                                                   Signature

_____                         _____
Name of Plaintiff's Attorney                              Name of Defendant's Attorney

_____                         _____
Signature                                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 01/14/2015                                          _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7098 | |

PLAINTIFF(S) / PETITIONER(S):    Meritplan Insurance Company

DEFENDANT(S) / RESPONDENT(S):   Whirlpool Corporation

MERITPLAN INSURANCE COMPANY VS. WHIRLPOOL CORPORATION [IMAGED]

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2015-00001322-CU-NP-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:   Joel M. Pressman               Department: C-66

**COMPLAINT/PETITION FILED:** 01/14/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/26/2015 | 08:30 am | C-66 | Joel M. Pressman |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

F I L E D
Clerk of the Superior Court

JAN 08 2015

By: ELAINE SABLAN, Deputy

1

2

3

4

5

6

7

8

9          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SAN DIEGO

11

12   IN RE PROCEDURES REGARDING          GENERAL ORDER OF THE
     ELECTRONICALLY IMAGED COURT         PRESIDING DEPARTMENT
13   RECORDS, ELECTRONIC FILING, AND
     ACCESS TO ELECTRONIC COURT          ORDER NO.: 010915
14   RECORDS IN CIVIL AND PROBATE
15   CASES

16       THIS COURT FINDS AND ORDERS AS FOLLOWS:

17       1. ELECTRONIC FILING AND IMAGING PROGRAM

18          On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

19   Filing and Imaging Pilot Program (the "Program" or "Imaged Program") designed to

20   reduce paper filings and storage, facilitate electronic access to civil court files, and allow

21   remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal

22   of the Program is to create a paperless or electronic file in all civil cases, as well as in

23   other case categories.  The Program has since been expanded to other divisions as well

24   as to probate cases.

25       The Program was implemented in two main phases:

26       Phase One:  The court began scanning all papers in newly filed cases in

27   designated divisions and departments.  The imaged documents are stored in an

28   electronic court file that can be viewed in the Business Offices and are accessible

1  remotely through the Register of Actions on the court's website as set forth below.

2      Imaged Program cases that are reassigned or transferred to a department outside
3  of the Program may be removed from the Program and converted to a paper filing system.

4      Phase Two: E-Filing access was implemented to allow E-Filing by counsel and
5  parties through the court's E-File Service Provider in designated case types.

6      2. THE ELECTRONIC COURT FILE IN IMAGED CASES IS THE OFFICIAL
7          COURT RECORD

8      Pursuant to Government Code section 68150 and California Rules of Court
9  ("CRC"), rule 2.504, the electronic court file in Imaged Program cases is certified as the
10  official record of the court. The paper filings that are imaged and stored electronically will
11  be physically stored by the court for 30 days after filing, after which time they will be
12  shredded and recycled, except for original wills and bonds in probate cases, which will be
13  physically retained by the court for the period required by law. During this 30 day period,
14  these documents will not be stored in a manner that will allow a party or its attorney to
15  access them.

16      3. CIVIL AND PROBATE CASES INCLUDED IN THE PROGRAM

17      The following cases have been or will be imaged and stored in an electronic court
18  file, and are considered Imaged Program cases:

19      a.      Civil cases initiated after a particular department or division began
20  participating in the imaging program;

21      b.      Civil class actions, construction defect cases, JCCP cases, consolidated
22  and coordinated actions where all cases involved are imaged cases, and actions that are
23  provisionally complex under CRC, rule 3.40-3.403 (as set forth in the Civil Case Cover
24  Sheet).      "Complex cases" include antitrust/trade regulation, mass tort,
25  environmental/toxic tort, and securities litigation cases, as well as insurance coverage
26  claims arising from these case types; Probate cases filed on or after March 1, 2012;

27      c.      All probate cases initiated prior to March 1, 2012 in which the Court has
28  notified the parties that the case has been backscanned; and

d.     All new civil and probate cases, with the exception of small claims cases.

4. MANDATORY AND PERMISSIVE ELECTRONIC FILING

Mandatory electronic filing through the court E-File Service Provider One Legal is required for all case types listed in paragraph 3.b. above, including construction defect and other cases previously filed through File&Serve Xpress (fka LexisNexis File&Serve). Further information can be found on the court's website, at www.sdcourt.ca.gov.

Electronic filing is encouraged in all other imaged cases.

5. GENERAL E-FILING REQUIREMENTS

Documents can only be electronically filed through the court's electronic service provider One Legal (the "Provider"). E-file Provider information is available on the court's website.

All E-filers shall comply with CRC, rules 2.250-2.261. All documents E-filed with the court must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image. E-filers are required to comply with the provisions of the E-Filing Requirements Documents, located on the Court's website at www.sdcourt.ca.gov. Civil E-Filing Requirements can be found on the Civil Division's E-Filing page; Probate E-Filing Requirements can be found on the Probate Division's E-Filing page.

The receipt and filing of documents submitted electronically is governed by CRC, rule 2.259. The Court's filing deadline is 5:00 p.m. (Pacific Time) on court days. The electronic transmission of a document to the Court can take time, so waiting until shortly before the deadline to electronically transmit a filing is not advised, as it could be received by the court after 5:00 p.m. and deemed filed the next court day. Per CRC, rule 2.259(a)(4), the filer is responsible for verifying that the court received and filed any document submitted electronically. Please see One Legal's website for filing instructions.

Additional and more specific information on electronic filing can be found on the court's website at www.sdcourt.ca.gov.

d.     All new civil and probate cases, with the exception of small claims cases.

4.  MANDATORY AND PERMISSIVE ELECTRONIC FILING

Mandatory electronic filing through the court E-File Service Provider One Legal is required for all case types listed in paragraph 3.b. above, including construction defect and other cases previously filed through File&Serve Xpress (fka LexisNexis File&Serve). Further information can be found on the court's website, at www.sdcourt.ca.gov.

Electronic filing is encouraged in all other imaged cases.

5. GENERAL E-FILING REQUIREMENTS

Documents can only be electronically filed through the court's electronic service provider One Legal (the "Provider"). E-file Provider information is available on the court's website.

All E-filers shall comply with CRC, rules 2.250-2.261. All documents E-filed with the court must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image. E-filers are required to comply with the provisions of the E-Filing Requirements Documents, located on the Court's website at www.sdcourt.ca.gov. Civil E-Filing Requirements can be found on the Civil Division's E-Filing page; Probate E-Filing Requirements can be found on the Probate Division's E-Filing page.

The receipt and filing of documents submitted electronically is governed by CRC, rule 2.259. The Court's filing deadline is 5:00 p.m. (Pacific Time) on court days. The electronic transmission of a document to the Court can take time, so waiting until shortly before the deadline to electronically transmit a filing is not advised, as it could be received by the court after 5:00 p.m. and deemed filed the next court day. Per CRC, rule 2.259(a)(4), the **filer** is responsible for verifying that the court received and filed any document submitted electronically. Please see One Legal's website for filing instructions.

Additional and more specific information on electronic filing can be found on the court's website at www.sdcourt.ca.gov.

### 6. FILING AND SERVICE REQUIREMENTS IN IMAGED CASES

a. Service of Notice: All parties filing new actions assigned to the imaging program shall serve on all parties a copy of the "Notice of Assignment to Imaging Department" (attached hereto as Exhibit "A" for civil cases, and Exhibit "B" for probate cases) with the complaint, cross-complaint, petition or other case initiating pleading. A copy of this notice will be provided to the filing party by the court clerk when case originating filings are processed.

b. "Imaged" Identifier: On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

c. Original Documents: Original underlying documents, other than wills and bonds in probate cases, that are relevant to a case should not be attached as exhibits to filed documents or filed in any other manner, as these documents will be imaged and the paper filings destroyed in accordance with this Order (except for those documents set forth in paragraph 6.d. below). Any original document, other than a will or bond in a probate case, that is included in a **filed** document in a case within the Program will be imaged and destroyed in accordance with this Order. Original documents may be **lodged** with the court, as necessary, under the procedures set forth in paragraphs 6.g. and 6.h. below.

d. Proposed Orders: Proposed orders should only be submitted with initial pleadings for an ex parte hearing, and should not be submitted for a law and motion hearing until after the hearing is completed.

e. Exhibits: Any exhibits attached to a pleading presented for filing must have the exhibit tabs located at the bottom of the respective documents, in accordance with California Rules of Court, rule 3.1110(f), and each exhibit must be preceded by a cover page that contains solely the word "Exhibit" and the exhibit's identifying number or letter.

f. Confidential Documents: Any documents classified or considered confidential pursuant to statute, rule of court or local rule shall be filed with the court and will be imaged

1  and destroyed in accordance with this order. Access to the imaged confidential
2  document(s) shall be as set forth in paragraph 7.d. below.

3      g. Civil Cases Other Than Probate:

4      (1) Lodged Documents:

5      The Notice of Lodgment itself must be filed with the court. In accordance with
6  California Rules of Court, rule 3.1302(b), the documents submitted with the notice must
7  be lodged and not filed. The lodged documents will not be imaged, will not be part of the
8  official court file, and will be returned in the manner requested or recycled if no manner
9  of return is specified.

10     (2) Documents in Support of Judgments:

11     Applications for entry of a judgment that include an instrument, contract, or written
12  obligation will have the relevant document(s) cancelled and merged if the judgment is
13  entered, in accordance with California Rules of Court, rule 3.1806, after which the
14  document will then be imaged and maintained in the electronic court record. The
15  submitted document(s) will then be returned to the proffering party for safe-keeping.
16  Parties must provide a suitable method of return along with the submitted document(s).
17  If no method of return is included, the document(s) will be shredded and recycled.

18     h. Probate Cases:

19     (1) Lodged Documents:

20     (a) The Notice of Lodgment itself must be filed with the court. In accordance with
21  California Rules of Court, rule 3.1302(b) and San Diego Superior Court Rule 4.3.2 (F),
22  the documents submitted with the notice must be lodged and not filed. The lodged
23  documents will not be imaged, will not be part of the official court file, and will be returned
24  in the manner requested or recycled if no manner of return is specified.

25     (b) A party filing a motion or other paperwork that refers to a trust or will document
26  that was previously lodged with the petition must separately lodge the trust or will with
27  these later-filed papers, in accordance with the procedures in paragraph 6.h.(1)(a) above.

28     (c) In support of an accounting of assets as required by Probate Code Section

2620 or an interim accounting required by San Diego Superior Court Rule 4.15.2, the originals of account statements, closing escrow statements, and bill statements for a residential or long-term care facility shall be lodged with the court, in accordance with the procedures in paragraph 6.h.(1)(a) above.  The lodged documents will not be imaged, will not be part of the official court file, and will be returned in the manner requested after the court's determination of the accounting has become final.

(2) Inclusion of Petition's ROA Number on All Pleadings:

Parties are ordered to comply with San Diego Superior Court Rule 4.3.1(B) and include the Petition's Register of Action (ROA) number directly below the case number on all subsequently filed pleadings related to that Petition.

7.   ENHANCED ELECTRONIC ACCESS TO OFFICIAL COURT FILE AND COURT DOCUMENTS

a. Access in Clerk's Business Offices:  Public kiosks providing free access to the official electronic record of the court files for cases being handled under the Program are available in the below Business Offices:

- Hall of Justice Civil Business Office, located at 330 West Broadway, San Diego, California 92101;

- East County Family  Business Office, located at 250 E. Main Street, El Cajon, California, 92020;

- South County Family Business Office, located at 500 Third Avenue, Chula Vista, California, 91910;

- Central Probate Division Business Office, located at 1409 Fourth Avenue, San Diego, California, 92101; and

- North County Civil Business Office, located at 325 S. Melrose Drive, Vista, California 92081.

The public may access these files and view all public portions of the files just as they currently can in the paper court files. If there are people waiting to use the kiosks, a time limit of 20 minutes will be imposed. Additional time will be permitted after waiting in line

1 to use one of the kiosks again. Any changes to this policy will be made by the Civil
2 Supervising Judge and the new policy will be posted in the applicable Business Offices.

3     b. Notice Regarding Electronic Access: In accordance with California Rules of
4 Court, rule 2.504(d), the public accessing court records electronically, are advised that
5 the Manager of Civil Operations, Summer Travis is the court staff member who may be
6 contacted about the requirements for accessing the court's records electronically in all
7 divisions of the court supporting imaging and E-filing.

8     c. Copyright and other proprietary rights may apply to information in a case file,
9 absent express grant of additional rights by the holder of the copyright or other proprietary
10 right. In this regard, you are advised:

11     (1) Use of such information in a case file is permissible only to the extent permitted
12 by law or court order; and

13     (2) Any use inconsistent with proprietary rights is prohibited.

14     d. Access to Confidential Documents: Court documents classified or considered
15 confidential pursuant to statute or rule of court shall remain confidential and may not be
16 released except to the extent necessary to comply with the law.

17     e. The electronic records of cases within the Program available for viewing in the
18 Business Offices are the official records of the court. There is no charge for accessing or
19 viewing court files in the Business Offices. Copies of any documents in an electronic court
20 file may be obtained by paying the copy fees of $0.50 per page (Govt. Code § 70627(a)).
21 Certified copies may be obtained by payment of a $25.00 fee (Govt. Code § 70626(a)(4)).
22 Additional instructions about obtaining printed copies of records from the electronic court
23 file will be provided at the kiosk locations in the applicable Business Offices.

24     f. Any person who willfully destroys or alters any court record maintained in
25 electronic form is subject to the penalties imposed by Government Code section 6201.

26     g. No person shall photograph or otherwise record any digital images of documents
27 displayed on the kiosk screens in the Business Offices.

28 ///

h. Remote Electronic Access of Program Cases:  Court documents from records of cases within the Program are available in electronic format for viewing and printing remotely to the extent permitted by California Law and/or California Rules of Court, rule 2.503(b), by visiting the court's website at www.sdcourt.ca.gov and paying the required fees.

This Order shall expire on December 31, 2015, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated: January 8, 2015

DAVID J. DANIELSEN
PRESIDING JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**

# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 090513 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court, other than wills and bonds, will be imaged and destroyed. Original wills and bonds will be retained by the court for the time required by law. No other original documents should be filed with pleadings. Rather, they should be lodged with the court under California Rules of Court, rule 3.1302(b) and San Diego Superior Court Rule 4.3.2 (F).

A party filing a pleading that refers to a trust or will must separately lodge the trust or will.

In support of an accounting of assets as required by Probate Code § 2620 or an interim accounting required by San Diego Superior Court Rule 4.15.2, the originals of account statements, closing escrow statements, and bill statements for a residential or long-term care facility shall be lodged rather than filed with the court.

On March 1, 2012, the San Diego Superior Court expanded its Electronic Filing and Imaging PilotProgram ("Program"). As of March 1, 2012, in all new cases filed in the Probate Division, all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Central and North County Probate Business Offices, as well as at other participating Business Offices, and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court, other than wills and bonds. All other original documents filed with the court will be imaged and destroyed. Any original documents necessary for a hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b) and San Diego Superior Court Rule 4.3.2(F).

It is the duty of each petitioner to serve a copy of this notice with the petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action. Parties are ordered to comply with San Diego Superior Court Rule 4.3.1(B) and include the Petition's Register of Action (ROA) number directly below the case number on all subsequently filed pleadings related to that Petition.

## Please refer to the General Order - Probate Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/ProbateImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2015-00001322-CU-NP-CTL   CASE TITLE: Meritplan Insurance Company vs. Whirlpool Corporation
[IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
*   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
*   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing*.

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

### PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court. **Effective June 30, 2014**, documents **may be filed electronically** in non-mandated civil cases in the North County Division where either: (1) the case is first initiated on or after June 30, 2014; or (2) the case is already pending as of June 29, 2014 <u>and</u> has been imaged by the court.

Revised June 27, 2014

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.

Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal. Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below. All documents electronically filed in a mandatory EFile Construction Defect/JCCP case must be electronically served on all parties in the case pursuant to CRC 2.251(c)

The court will maintain and make available an official electronic service list in Construction Defect/JCCP cases through One Legal. This is the service list that the court will use to serve documents on the parties. (See CRC 2.251(d).) It is the responsibility of the parties to provide One Legal their correct contact information for the service list in each e-filed case in which they are involved no later than July

7th, 2014. New parties who enter a case must provide One Legal with their electronic service address for that case within 7 days of joining the case. All parties must notify One Legal of any changes to that address, within 7 days of the change, should a change occur during the pendency of the action. (See CRC 2.251(f)(1).) Failure to keep the official list updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing and/or service requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile or electronically serve documents in a mandatory EFile case; however, they may EFile and electronically serve documents if they choose to do so and/or are otherwise ordered to EFile and/or electronically serve documents by the court.

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept

.     .

documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Efilers are required to enter all parties listed on the document being filed, if the party is not already a part of the case. (If the filer is submitting a new complaint, ALL parties must be entered.) If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

All documents must be uploaded as individual documents within the same transaction, unless filing a Motion. [Example: A Request to Waive Court Fees must be uploaded separately from the document to which it applies, i.e., complaint, answer or other responsive pleading, motion, etc...] If filing a notice of motion, all documents can be scanned and uploaded as one document under a filing that most closely captures the type of motion. All filings and exhibits within these filings must be bookmarked

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social

security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Electronically filed documents must be correctly named and/or categorized by Document Type. The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue. Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in processing of the transaction.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID

numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC

2.551 (although the motion to file under seal itself must be electronically filed)

- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.